IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLIE JOE CHAPMAN,<br><br>                Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, and MARK FOXHALL, C.E.O.;<br><br>                Defendants. | 8:17CV465<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on its own motion. On November 16, 2017, the court required Plaintiff Billie Joe Chapman to show cause why he is entitled to proceed in forma pauperis in this action. (*See* Filing No. 7.) The court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See Chapman v. Chief Executive Officer*, Case No. 8:15CV259 (D.Neb.) (Filing No. 9, August 19, 2015 Memorandum and Order dismissing action pursuant to PLRA's "three strikes" provision). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

      Chapman responded to the court's order on January 25, 2018. (*See* Filing No. 12.) Chapman argues he should be allowed to proceed in forma pauperis in this proceeding because this action, like all other actions he has filed, is not frivolous, malicious, and states a claim, "and Plaintiff would not waste his time if [there was no] danger or serious physical injury or harm, and or emotion [sic] harm that could cause physical or long lasting harm by illegal restraint of liberty rights." (*Id.* at CM/ECF p.1.) Chapman also objects to the court's use of *Chapman v. Chief Executive Officer*, Case No. 8:15CV259, as a strike because he was not able to

respond in that case because he was being beaten, injured, drugged, and he was restricted from pen and paper and did not receive any mail.

Chapman misconstrues the court's reliance on *Chapman v. Chief Executive Officer*, Case No. 8:15CV259. In that case, the court determined Chapman had brought at least three cases in federal court that had been dismissed as frivolous or for failure to state a claim. *See Chapman v. Chief Executive Officer*, Case No. 8:15CV259 (D.Neb.) (Filing No. 9, August 19, 2015 Memorandum and Order) (citing *Chapman v. Baldwin*, No. 4:14-cv-00065-REL (S.D.Iowa July 3, 2014) (dismissed as frivolous); *Chapman v. McKinney, et al.*, No. 1:14-cv-00028-EJM (N.D. Iowa Aug. 25, 2014) (dismissed on statute of limitations grounds); and *Chapman v. Parry-Jones, et al.*, No. 1:14-cv-00109-EJM (N.D. Iowa Nov. 4, 2014) (dismissed on statute of limitations grounds)). Thus, the court in *Chapman v. Chief Executive Officer*, Case No. 8:15CV259, denied Chapman's request to proceed in forma pauperis and dismissed the case for failure to pay the filing fee. This court does not count *Chapman v. Chief Executive Officer*, Case No. 8:15CV259, as a "strike" under 28 U.S.C. § 1915(g), but rather relies on its identification of Chapman as being subject to the three strikes rule.

The court has considered Chapman's response to the court's show cause order, the Complaint, and his other filings and finds his allegations do not support a finding that Chapman is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Chapman generally alleges that he suffered abuse and injuries while held at Douglas County Department of Corrections, but complaints solely about past alleged harms are insufficient to show the imminent physical harm required under § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."). Accordingly,

IT IS THEREFORE ORDERED that:

1.  Chapman's Motion for Leave to Proceed in Forma Pauperis ([Filing No. 2](#)) is denied.

2.  Chapman's Motion for Order ([Filing No. 13](#)) and Motion for Leave to Add Defendant ([Filing No. 14](#)) are denied as moot.

3.  This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

4.  Any notice of appeal filed by Chapman must be accompanied by the $505.00 appellate filing fee because Chapman will not be allowed to proceed in forma pauperis on appeal.

Dated this 6th day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge